### SELWAY v. FOURTH NAT. BANK OF CADIZ, OHIO,. et al.

### GRAY v. SAME.

(Circuit Court of Appeals, Sixth Circuit. October 13, 1922.)

No. 3515.

1. Appeal and error ⬅⮕364—Where appellant not negligent, Circuit Court of Appeals will extend time for making return.

Where appellant was guilty of no negligence, except in not insisting on appellees' default for failure to comply with the court's directions, Circuit Court of Appeals will extend the time for making a return to the appeal, though the District Court had previously granted several such extensions.

2. Appeal and error ⬅⮕569(1)—Proper practice for settlement of case outlined.

Where appellant's proposed case is not satisfactory to the judge, the proper practice is for the judge to call counsel before him and indicate the respects in which the case is unsatisfactory and within the time fixed by the judge, appellant should file an amended narrative, and appellees should file their desired substitute for any part of the proposed narrative which is not satisfactory to them, and if the parties do not then agree as to what the narrative should be, or if the narrative is not approved by the judge, the testimony to that extent only should be substituted.

Appeals from the District Court of the United States for the Southern District of Ohio.

Suit by Lura E. Selway and by O. C. Gray, trustee in bankruptcy, against the Fourth National Bank of Cadiz, Ohio, and another. Judgment for plaintiff in each case, and each defendant appeals. On motion to docket and dismiss. Motion denied.

Albert O. Barnes and B. W. Rowland, both of Cadiz, Ohio, for appellants.

R. H. Minteer and D. A. Hollingsworth, both of Cadiz, Ohio, for appellees.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

PER CURIAM. [1] The appeals were allowed September 27, 1920. The District Judge, who allowed them, extended from time to time the

limit for making return to the appeals to and including February 1, 1922. A further order of similar extension was made by him on May 19, 1922, running till July 1, 1922. Since then there has been no order.

It is obvious that the power of the District Judge to make extensions has expired; indeed, the last one was apparently without jurisdiction. However, in such cases this court has the power to give more time for the return, and has occasionally done so, where justice seemed to require that course. The appellants, now ask further time for that purpose.

The first impression from the recited facts indicates such extreme negligence on the part of appellants that there should be no further indulgence; but an examination of the correspondence between the parties and the District Judge dissipates this impression. It appears that appellants prepared a narrative of the testimony, as to which in due time appellees filed criticisms and objections. Upon an examination of the papers the District Judge disapproved the practice adopted by appellees, because they merely objected and complained, and he directed that they should propose a substitute form of narrative for those parts to which they objected. Several extensions were made, seemingly for this purpose, but appellees did nothing. Eventually the judge took the matter up again, apparently on his own motion, and announced by letter to counsel that he was not satisfied either with the proposed narrative or with the objections, and that there must be another effort to prepare a proper record. Appellants asked for a further hearing, in which they might learn in what respect their proposed narrative was unsatisfactory; but, perhaps for the reason that jurisdiction had then been lost, nothing more was done.

We are satisfied that appellants were guilty of no negligence, save in not insisting upon appellees' default for failure to comply with the court's directions, and that the appeals ought not to be dismissed without a further opportunity to perfect the record, and accordingly the time for return will be extended until January 1st next.

[2] In connection with this extension, we think the proper practice would be for the judge to call counsel before him and indicate in what respects appellants' proposed case is unsatisfactory. Appellants should then promptly, and within a time to be fixed by the judge, file a corrected or amended narrative. Appellees should promptly, and within a short time so to be fixed, file their desired substitute for every part of the proposed narrative which is not satisfactory to them. If, then, the parties do not agree as to what the narrative should be, or if that which they agree upon is not approved by the judge, the verbatim testimony, to that extent only, should be substituted, and all portions, either of correct narrative or of verbatim testimony, which either party desires, should be included, unless plainly irrelevant. The trial judge cannot be expected to give the time necessary to redraft or to supervise the redrafting of the condensed narrative. If either party insists upon portions of the record which turn out to be unjustifiably included, there is a remedy through action by this court in the matter of costs.